IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEPHEN DAVIS, JR.,

      Petitioner,

v.                                    Civil Action No 5:18cv18
                                         (Judge Stamp)

DEWAYNE HENDRIX,

      Respondent.

## REPORT AND RECOMMENDATION

### I.    Procedural Background

On January 19, 2018, the pro se Petitioner, Stephen Davis, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. ECF No. 1. On February 20, 2018, the Petitioner paid the $5 filing fee. ECF No. 12. On February 28, 2018, following a preliminary review, which determined that summary dismissal was not appropriate, the Respondent was ordered to show cause why the Petition should not be granted. ECF No. 13. On April 4, 2018, the Respondent filed a Motion to Dismiss or, in the Alternative for Summary Judgment, together with a supporting memorandum of law and exhibits. ECF Nos. 18 & 19. On April 5, 2018, a Roseboro notice was issued .ECF No. 21. The Petitioner filed a Response on April 24, 2018. Also pending is the Petitioners Motion to Strike Declaration.[1] ECF No. 25.

---

[1] In support of his motion to strike, the Petitioner refers to Blacks Law Dictionary and its definition of personal knowledge. In addition, he refers to Rule 602 of the Federal Rules of Evidence. The Petitioner then argues that every item and attachment to the declaration was prepared by persons other than the declarant and the declaration is not admissible because it does not comply with Rule 56(c)(4) of the Federal Rules of Civil Procedure. The Respondent notes that the declarant, Ms. Patricia Kitka, has been a BOP employee since 1987 and has worked in the area of inmate sentence computations since 1989. The Respondent then notes

1

## II.     The Petition

The Petitioner brings the instant petition challenging the Federal Bureau of Prisons' ("BOP") computation of his federal sentence. Specifically, he alleges that the BOP has failed to credit him with 84 days when he was placed in Volunteers of America half-way house until he self-reported to FCI Morgantown. For relief, he requests that 84 days be applied as credit towards his federal sentence.

## III.    The Respondent's Motion

The Respondent maintains that the Petitioner's federal sentence did not commence until October 24, 2012, when he voluntarily surrendered to begin service of his sentence. Therefore, the Respondent contends that the Petitioner is not entitled to the credit that he seeks. In addition, although acknowledging that that the sentencing court recommended that the BOP credit the Petitioner for the time he stayed at the Volunteers of America residential re-entry center ("RRC"), the Respondent alleges that district courts have no authority to order the BOP to give sentenced prisoners credit time. Accordingly, the BOP maintains that the recommendation by the sentencing judge was simply a recommendation and was not binding on the BOP.

## IV.    The Petitioner's Response.

---

the information provided by Ms. Kitka is information of which she has personal knowledge because it is all a part of her training and years of experience as a Correctional Program Specialist. ECF No. 27. In reply, the Petitioner argues that Ms. Kitka's declaration simply fails to address the "salient point of this action; why did the DSCC employee (obviously NOT Ms. Kitka) elect to ignore the sentencing judge and federal statute?" ECF No. 28 at p. 2. (emphasis in original). The undersigned notes that this Court has routinely accepted declarations dealing with sentencing computations such as the one at issue in this case. Moreover, the Court need not rely on the declaration to rule on the merits of the petition. As discussed more fully in the body of this Report and Recommendation, an opinion issued by the Supreme Court of the United States forecloses the relief the Petitioner requests.

In his response, the Petitioner argues that the court's recommendation simply is not a recommendation that the BOP may ignore at its discretion. Citing United States v. Anaya, 521 F.3d 437 (4th Cir. 2008), the Petitioner contends that post sentence administrative detention is a civil decision and where it is ordered, it is credited against the individual's total sentence time. The Petitioner concludes by asserting that the punitive phase of his sentence began when he was remanded to the Volunteers of America RRC and is outside the discretion of the BOP.

## V.    Legal Standard

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

3

in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B.    Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

## VI. Factual History[2]

On August 6, 2011, the Petitioner was arrested by the Federal Bureau of Investigation in the Southern District of Indiana pursuant to a complaint charging him with use of a communications facility in causing or facilitating the commission of an act constituting a felony under 28 USC § 841(a)(1). ECF No. 1. Petitioner was remanded to custody on that date. On August 11, 2011, the Petitioner was released on his own recognizance with pretrial supervision. ECF No. 6. On August 24, 2011, the Petitioner was named in two counts of a four count indictment. ECF No. 13. Count One of the indictment charged the Petitioner with conspiracy to distribute a controlled substance in

---

[2] This information is taken from the Petitioner's criminal case in the United States District Court for the Southern District of Indiana. 1:11cr155 available on PACER. Unless otherwise noted, all ECF numbers refers to the criminal case.

violation of 28 U.S.C. § 841(a)(1). Count Four of the indictment charged the Petitioner with knowing possession of a firearm which had the manufacturer's serial number obliterated  and had been shipped or transported in interstate commerce in violation of 18 U.S.C. § 922(k). A seven count superseding indictment, with a forfeiture provision was issued on October 19, 2011.ECF No. 72. The Petitioner was again named in Counts One and Four with identical allegations as contained in the original indictment. He was also included in the forfeiture provision.

On April 24, 2012, the Petitioner entered into a plea agreement by which he agreed to plead guilty to Counts One and Four of the superseding indictment. ECF. No. 217.  In addition, the Petitioner agreed to forfeit four firearms seized from his residence on August 6, 2011, as well as all items bearing the name or insignia of the Sone of Silence Motorcycle Club, Vigilantes Motorcycle Club or Outlaws Motorcycle Club.  The Petitioner's plea hearing was conducted on May 3, 2012, and he was permitted to remain on release. ECF No. 222. On July 30, 2012, a sentencing hearing was conducted, and the Petitioner was sentenced to a term of 120 months. The minutes of that hearing indicate that the Petitioner was committed to the custody of the Volunteers of America pending his designation to the BOP. ECF No. 301. Judgment was entered on August 6, 2012, which included a recommendation that the Petitioner be given credit for his stay at the Volunteers of America. ECF No. 308.

On October 17, 2012, an Order was entered modifying the conditions of the Petitioner's release and specifically provided that he be released from the Volunteers of America 48 hours before he was to report to the BOP so that he could self-report. ECF No. 335.   The Petitioner self-reported to FCI Morgantown on October 24, 2012, and the

BOP commenced his sentence on that date. The BOP applied prior custody credit from August 6, 2011,through August 11, 2011, the time Petitioner spent in custody following his arrest and before his personal recognizance release.5:18cv18, ECF No. 18-3. However, the BOP did not award the Petitioner prior custody credit for the time he spent in the Volunteers of America RRC. The Petitioner's release date via good conduct time is July 4, 2021. Id.

On March 20, 2013, the Petitioner filed a Motion to Enforce Sentencing Directive with the sentencing court. ECF No. 459.  The Petitioner requested that the court enter an order specifically directing the BOP to "precisely adopt the Court's sentencing determination that [he] is entitled to an additional three months sentencing  credit…." On June 17, 2013, the sentencing court entered an order denying the Petitioner's motion. ECF No. 480.  In so doing, the court noted that although it had recommended that he be given credit for the post-sentencing days he spent at the Volunteers of America RRC, if the BOP chose not to follow the recommendation, the matter was beyond the court's reach. The Court then noted that district courts have no authority to order the BOP to give sentenced prisoners credit time under 18 U.S.C. § 3585(b) because the authority to give credit time rests exclusively with the Attorney General through the BOP after a defendant is sentenced and not by a district court at the time of sentencing.

## VII.   Analysis

Determining a term of imprisonment is made up of two steps as described by statute:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting

>> transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the defendant was arrested; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3583(a), (b).

In Reno v. Koray, 515 U.S. 50 (1995); the United States Supreme Court examined whether a defendant was entitled to sentence credit during the time he spent at a community treatment center. In that case, the defendant pleaded guilty on June 18, 1991. See id. at 52. On June 25, 1991, a Federal Magistrate Judge entered a release order pursuant to 18 U.S.C. § 3142(c) that required defendant to be confined to the premises of Volunteers of America community treatment center without authorization to leave for any reason unless accompanied by a Government special agent. See id. at 52-53. The defendant in Koray was sentenced on October 22, 1991 to forty-one months imprisonment. See id. at 53. He remained at the Volunteers of America facility until November 25, 1991, when he reported to the BOP to serve his sentence. See id.

The defendant argued that the BOP should have credited his sentence from June 25, 1991, until November 25, 1991. The Supreme Court determined that:

> The time spent at the Volunteers of America community treatment center while "released" on bail pursuant to the Bail Reform Act or 1984 was not 'official detention' within the meaning of 18 U.S.C. § 3583(b). Respondent therefore was not entitled to credit against his sentence of imprisonment.

8

Koray, 515 U.S. at 65.

In the instant case, the Petitioner is seeking credit for the time he spent in the Volunteers of America RRC after he was sentenced. The Petitioner relies on both the sentencing court's recommendation that he receive credit, and his own contention that he was "remanded to the custody of an FBOP facility." ECF No. 26 at 3. Accordingly, he argues that the punitive phase of the sentence began as a matter of law when he was remanded and is outside the discretion of the BOP. Id.

The petitioner in Koray was seeking credit for the time spent at the community center both before and after he was sentenced on October 22, 1991. The Supreme Court held that he was not entitled to this credit. Koray, 515 U.S. at 65. Furthermore, numerous cases decided after Koray have held that a petitioner is not entitled to credit for "home" confinement after sentencing but prior to the date he reported to the BOP. See Munoz v. Maye, 485 Fed.Appx. 699, 699 (5th Cir. 2012) (holding that time spent in a community corrections center/halfway house after sentencing but prior to date he reported to BOP facility was properly not credited to petitioner's sentence; Schaefer v. Bezy, 199 Fed. Appx. 548, 551 (7th Cir. 2006) (petitioner's confinement for forty-one days in halfway house after sentencing but prior to when he surrendered to the federal prison was properly not credited to petitioner's sentence); United States v. Turner, Crim. No. 11-20117, 2015 WL 7450398, at *1 (E.D. Mich. Nov. 24, 2015) ("Any period of time that defendant was subject to wearing an ankle bracelet or on home confinement, whether prior to sentencing or post-sentencing, is not a term of 'official detention' entitling her to credit her term of imprisonment.") (citations omitted); Steeples v. Augustine, No. 07-0384, 2008 WL 660335, at *2 (N.D. Fla. Mar. 7, 2008) (petitioner not

entitled to credit as time spent in official detention for seventeen months of house arrest, three of which were after she was sentenced).

Furthermore, to the extent that the Petitioner appears to argue that he was remanded to the Volunteers of America to be held in "lock-down" until he reported to the designated BOP facility, and was therefore no longer free to come and go as he pleased, his argument fails. In Koray the Supreme Court specifically rejected the petitioner's request to assess each case individually to determine whether the time spent in a halfway house was "jail type confinement" deserving of credit. 515 U.S. at 64.

Finally, the undersigned acknowledges that in his response to the Roseboro Notice, the Petitioner cites three Fourth Circuit opinions which he believes supports his position that he entitled to credit for the time he spent in the Volunteers of America RRC after he was sentenced and before he self-reported to FCI Morgantown. However, the cases he cites do not stand for that proposition. First, Banks v. Hornak, 698 Fed.Appx. 731 (4th Cir. 2017) deals with the three strike rule and simply provides that pretrial detainees are prisoners for purposes of the Prison Litigation Reform Act. Second, U.S. v. Rodriquez-Amaya, 521 F.3d 437 (2008), deals with the speedy trial act and clarifies what type of federal action is necessary to trigger the running of the thirty-day time limit. Finally, U.S. v. Aslam, 251Fed.Appx. 850 (2007), holds that post-conviction review, rather than direct appeal, is the appropriate remedy for claims regarding ineffective assistance of plea counsel.  Quite simply, none of these decisions have any application to the issue of sentencing credit, let alone credit for time spent in an RRC after sentencing but before a defendant reports to a prison facility.

Accordingly, it is clear that the decision in Koray forecloses the Petitioner's assertion that he is entitled to credit for the 84 days he spent in the Volunteers of America RRC after sentencing and before he voluntarily surrendered at FCI Morgantown. Moreover, "[t[he Bureau of Prisons, and not the courts, determine when the defendant's sentence starts and whether the defendant should receive credit for any time spent in custody." United State v. Montez-Gaviria, 163 F.3d 697, 700-01 (2nd Cir. 1998).  Therefore, although the sentencing court recommended that the Petitioner receive credit for the time the Petitioner spent in the RRC, as the sentencing court itself recognized, that was only a recommendation and cannot bind the BOP.

## VIII.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss or for Summary Judgment [**ECF No.** 18] be **GRANTED** and the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**ECF No.** 1] be **DENIED** and **DISMISSED WITH PREJUDICE**. The undersigned further **RECOMMENDS** that the Petitioner's Motion to Strike the Declaration of Patricia Kitka [ECF No. 25] be **DENIED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made and the basis for such objection. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. §

636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested. Furthermore, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED:  September 17, 2018

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE