IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEPHEN DAVIS, JR.,

    Petitioner,

v.                                      Civil Action No. 5:18CV18
                                                (STAMP)

DEWAYNE HENDRIX,
Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The pro se[1] petitioner, Stephen Davis, Jr., filed a petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). The action was referred to United States Magistrate Judge James P. Mazzone for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

The magistrate judge filed a report and recommendation recommending that this matter be dismissed with prejudice. ECF No. 31 at 11. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Id. at 11-12. Neither party filed objections.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

II. Facts

The pro se petitioner is currently incarcerated at FCI Morgantown, where he is serving a sentence imposed by the United States District Court for the Southern District of Indiana, Indianapolis Division. ECF No. 1 at 1-2. The petitioner filed a Petition for Habeas Corpus Under 28 U.S.C. § 2241, in which he alleges that the Federal Bureau of Prisons ("BOP") failed to credit him with 84 days when he was placed in Volunteers of America Residential Re-Entry Center ("RRC") until he self-reported to FCI Morgantown. Id. at 5, ECF No. 1-1 at 1-2. Specifically, the petitioner requests that 84 days be applied as credit towards his federal sentence. ECF No. 1-1 at 12.

The respondent then filed a motion to dismiss or in the alternative, a motion for summary judgment. ECF No. 18. In the accompanying memorandum, the respondent argues that the petitioner's federal sentence did not begin until he voluntarily surrendered to begin service of his sentence, and petitioner did not do so until October 24, 2012. ECF No. 18-1 at 7-8. Therefore, his federal sentence could not begin prior to that date. Id. at 8. Moreover, the respondent argues that the petitioner is not entitled to such jail credit, since he was not in official detention at that time. Id. at 10. In other words, the time he spent out of custody on bond, or in a halfway house placement, is not official detention and cannot be credited against his sentence. Id. Lastly, the

respondent asserts that the sentencing Court's recommendation to credit time spent at the RRC is not binding. Id. at 11. In support of his motion to dismiss, the respondent attaches a declaration by a BOP correctional programs specialist at the designation and sentence computation center, Patricia Kitka ("Ms. Kitka"), explaining how the petitioner's sentence was computed. ECF No. 18-2 at 1-6.

The petitioner then filed a response to the respondent's motion to dismiss, or in the alternative, motion for summary judgment. ECF No. 26. The petitioner first argues that the Court's recommendation is "not a recommendation that the [BOP] may use its discretion. The [p]etitioner was in a punitive, civil detention and was not yet a prisoner." Id. at 1. The petitioner further argues that the place of custody for civil detention does not matter. Id. at 3.

The petitioner also filed a motion to strike Ms. Kitka's declaration. ECF No. 25. In the motion, the petitioner argues that any affidavits or declarations must be made on personal knowledge, and that "each and every item and attachment was prepared by persons other than the declarant and is not admissible in this proceeding." Id. at 2.

The respondent filed a response to the petitioner's motion to strike. ECF No. 27. In the response, the respondent notes that the first six paragraphs of the declaration contain facts, not

speculations, or inferences, pertaining to the petitioner's case history.  Id. at 3.  Moreover, paragraph 7 explains the process of sentence calculation.  Id.  Lastly, the respondent explains that the remaining paragraphs detail the calculation of the petitioner's sentence.  Id.  Specifically, the defendant contends that the information provided in the declaration is information that Ms. Kitka has personal knowledge because it is part of her training and years of experience.  Id.

The petitioner then filed a reply to the respondent's response to petitioner's motion to strike.  ECF No. 28.  In the reply, the petitioner asserts that "Ms. Kitka's declaration [] fails to address the salient point of this action; why did the DSCC employee (obviously NOT Ms. Kitka) elect to ignore the sentencing judge and federal statute? . . . [T]he clear absence of first hand knowledge by Ms. Kitka should require her declaration to be stricken as she fails to address this action as she did not make the original decision."  Id. at 2-3.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

### III.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because the petitioner did not

4

file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## IV. Discussion

In his report and recommendation, the magistrate judge cites numerous cases that have held that a petitioner is not entitled to credit for "home" confinement after sentencing but prior to the date the petitioner reported to the BOP. Id. at 9. Moreover, the magistrate judge cites Reno v. Koray, 515 U.S. 50 (1995), finding that the Supreme Court specifically rejected a case-by-case approach to determine whether the time spent in a halfway house was "jail type confinement" deserving of credit. Id. at 14. The magistrate judge thus recommends that respondent's motion to dismiss or, in the alternative, for summary judgment be granted, that the petitioner's petition be denied and dismissed with prejudice, and that the petitioner's motion to strike be denied. Id. at 11. This Court finds no error in the determinations of the magistrate judge and thus upholds his recommendation.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge

(ECF No. 31) is hereby AFFIRMED and ADOPTED in its entirety.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 18, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE